Nicole M. Harvey
Nevada State Bar No. 11147
BLANCHARD, KRASNER & FRENCH
5470 Kietzke Lane, Ste. 200
Reno, Nevada 89511
Telephone: (775) 384-0022
nharvey@bkflaw.com
*Attorney for A&A Towing, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

A&A TOWING, INC., a Nevada corporation,

v.

TEGSCO, LLC dba AUTO RETURN, a California limited liability company; STATE OF NEVADA, NEVADA TRANSPORTATION AUTHORITY; STATE OF NEVADA DEPARTMENT OF PUBLIC SAFETY, HIGHWAY PATROL DIVISION; DOES 1-10; ABC CORPORATIONS 1-10; XYZ CORPORATIONS 1-10.

Case Number:

Amended Complaint for Damages
JURY DEMAND

COMES NOW the Plaintiff, A&A Towing, Inc., a Nevada corporation, by and through its attorney, and brings this action against Defendants: TEGSCO, LLC dba Auto Return, a California limited liability company; the State of Nevada, Nevada Transportation Authority, and; the State of Nevada, Department of Public Safety, Highway Patrol Division (individually, "Defendant" and together, "Defendants"). Plaintiff makes the following allegations upon information and belief, except those allegations as to Plaintiff or its attorneys, which are based on personal knowledge, based upon an investigation that is reasonable under the circumstances, which allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

/ / /

/ / /

**Parties**

1. A&A Towing, Inc., is a Nevada corporation which only does business in the State of Nevada ("A&A Towing" or "A&A"). A&A Towing provides towing services to the public, and for state and local police agencies. A&A Towing maintains its licensing requirements with the Nevada Transportation Authority to engage in this business.

2. TEGSCO, LLC, dba Auto Return, a California limited liability company (referred to herein as "TEGSCO"). TEGSCO owns proprietary software, the use of which it sells to state and local governments to connect tow requests with tow operators like A&A Towing. Upon information and belief, TEGSCO is not regulated by any State of Nevada agency.

3. The State of Nevada, Nevada Transportation Authority ("NTA") is a part of the State of Nevada Department of Business and Industry, created by statute. NRS 232.510, NRS 706.1511. The NTA supervises and regulates every fully regulated carrier and broker of regulated services, as well as every operator of a tow car concerning the rates and charges assessed for towing services. NRS 706.166(1). The NTA has agreed to facilitate business in Nevada for TEGSCO for towing-related services in Nevada by implementing tow tariff fees consistent with TEGSCO's contracts with state agencies and tow companies.

4. The State of Nevada, Department of Public Safety ("DPS") including the Highway Patrol Division ("NHP") are created by statute. NRS 480.100, NRS 480.130(2), NRS 480.300. NHP has entered into a "no cost" contract with TEGSCO for towing-related services in Nevada.

**Jurisdiction**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case presents a Federal question arising under 42 USC § 1983. This court has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

6. This Court also has jurisdiction over this action with respect to claims against TEGSCO pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and is between citizens of different states.

**Venue**

7. Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in Nevada.

**Facts**

8. The NTA administers and enforces state laws pertaining to tow cars, and derives its regulatory authority under Nevada Revised Statutes Chapter 706. The NTA has been charged with the responsibility of providing fair and impartial regulation, to promote safe, adequate, economical and efficient service, and to foster sound economic conditions in motor transportation. The NTA establishes and maintains charges for intrastate transportation by fully regulated carriers and non-consent towing services through "Tow Tariffs".

9. The Nevada Highway Patrol's mission is to promote safety on Nevada Highways by providing law enforcement traffic services to the motoring public, including arranging for the towing of vehicles abandoned on the highway, or damaged by collisions or other incidents.

10. TEGSCO describes itself as providing "towing management and logistics services" by providing "management, logistics and technology software." TEGSCO claims to provide its services "at no cost to the State," and receives remuneration for its services through a "pass-through" "Administrative Fee". The fee is supposed to be due from and paid by owners of towed vehicles, initially collected from customers by tow operators, and paid to TEGSCO.

11. On December 14, 2017, the Nevada Transportation Authority implemented a Model Tow Tariff that includes an "Administrative Fee" of $25.75. Exhibit 1. The Model Tow Car Tariff at page 4 defines "Administrative Fee" as "[t]he fee to be collected as a pass through and transmitted to the towing management company. This charge applies to tows requested by law enforcement agencies only."

12. On June 5, 2018, the State of Nevada by and through the Nevada Highway Patrol entered into a contract with TEGSCO for a "Third Party Tow Management System," in which the parties agreed there was "no cost" to the state, the consideration for the agreement being the "pass through" "Administrative Fee":

> The State's solicitation for this contract required a "no cost to the State proposal" for a Third Party Tow Management System (TPTMS). Contractor will be compensated for its services based on the schedule of tow management fees on the relevant tariff approved by the Nevada Transportation Authority (NTA), currently Model Tariff Template No. 041317 ("Model Tariff"). The Model Tariff includes an Administrative Fee related to the services provided by Contract pursuant to this Contract, currently set at $25.75 ($25.00 with a cash discount)[1] per completed tow that is recorded within Contractors technology platform.

June 5, 2018 Contract between TEGSCO and NHP at Section 6, Exhibit 2.

13. Subsequently NHP notified tow operators across the state of Nevada they had to enter into a contract with TEGSCO in order to be utilized and notified of tow requests from NHP.

14. On February 20, 2019, the Nevada Highway Patrol, TEGSCO, and the Tow Operators of Northern Nevada ("TONN") entered into a Memorandum of Understanding regarding, among other things, the collection and payment of the Administrative Fee by tow operators to TEGSCO. The parties agreed:

> [T]ow companies will remit payment of the approved NTA fee to [TEGSCO] via ACH. This will be a tow company initiated transaction… these processes will include a reasonable time for the tow company to review and reconcile charges.

> [TEGSCO] is the contracted Agent to the NHP to administer the NHP tow program.

15. On March 11, 2019, A&A Towing and TEGSCO entered into a contract ("A&A/TEGSCO Contract") whereby A&A Towing would be included in the tow rotation for the Nevada Highway Patrol, through TEGSCO's Technology, the recitals of which state:

> [A&A Towing] shall have the ability to adopt the Administrative Fee as an approved fee to collect on each towed vehicle to fund the amount to be remitted by the [A&A Towing] to [TEGSCO].

> [A&A Towing] must use the AR Software to perform its police-initiated tows;

---

[1] A 3% fee is added to the tariff for card or other non-cash payments. One of the problems here is that 3% of $25.75 is $0.77, and cash payers actually pay $24.98. The tow operator nevertheless must pay $25 to TEGSCO for the tow, losing $0.02 on each such transaction.

4

16. In Section 3.1 of the A&A/TEGSCO Contract, under the heading, "Compliance with Municipality Requirements," the Contract requires:

> [A&A Towing] will initiate ACH payment for amounts due on a monthly basis. The documentation supporting the amounts due will be provided monthly by [TEGSCO] to [A&A Towing] via email prior to the electronic debit/credit from the [A&A Towing] bank account. The monthly report will provide information to enable the [A&A Towing] to perform a review of the reported tows. If [A&A Towing] fails to make such payments to [TEGSCO], [TEGSCO], among any other remedies available to it, shall have the right to prevent [A&A Towing]'s access to the [TEGSCO] Software until payment has been received.

Section 4.2 similarly provides:

> [A&A Towing] shall be in default hereunder if it fails to make any payment due to [TEGSCO] by the date required for such payment or it fails to perform or breaches any other term, agreement or covenant of this Agreement.
>
> If an event of default or breach occurs, [TEGSCO] shall have the right to immediately terminate this Agreement and terminate [A&A Towing]'s use of the [TEGSCO] Software. The exercise of the termination rights hereunder by [TEGSCO] shall not prevent its concurrent or subsequent exercise of any other remedy provided for in this Agreement or otherwise available to it at law or in equity.

17. A&A relied upon the recital in its contract with TEGSCO that regulation of TEGSCO's services by the NTA would be forthcoming.

18. A&A also relied upon the representations of the NHP that the Tow Manual was under revision and a revised version would be made public November of 2019. Currently NHP is still using the Nevada Highway Patrol Tow Program Manual, last revised December 2010.

19. As mentioned above, the $25.75 tariff provides for a cash discount of 3%. The problem is that 3% of $25.75 is $0.77, bringing the total fee due from the consumer to the tow operator to $24.98. However, the tow operator must still compensate TEGSCO for $25.00, resulting in $0.02 paid in remuneration to TEGSCO for those calls.

20. TEGSCO sends invoices to A&A Towing for the Administrative Fees, based on the number of tows A&A Towing completes using TEGSCO Technology. The invoice is calculated

1 as (Number of Tows) x $25.00, regardless of whether or not A&A Towing has collected the fee from a customer, or whether the customer received a cash discount.

21. NHP has a duty under NRS 233B.0608 to make an effort to determine whether regulation is likely to impose a significant economic burden upon a small business. Further, NHP has an obligation under NRS 480.360 and NRS 706.151, "to discourage any practices which… may be detrimental to… the motor carrier business in this state."

22. On April 15, 2019 Mr. Ribar of A&A Towing received confirmation from Liz Babcock at the NTA that no financial impact study was ever performed by the Nevada Transportation Authority or the Nevada Highway Patrol, which was otherwise required by NRS 233B.

23. On September 30, 2019, Todd Hartline of NHP confirmed to Mr. Ribar of A&A Towing that no Small Business Impact Statement was performed prior to NHP entering into the contract with TEGSCO.

24. The NHP did not research or prepare any small business impact statement prior to entering into the contract with TEGSCO.

25. By telling the State of Nevada agencies this was a "no cost" contract, TEGSCO persuaded the State of Nevada to enter into a contract for exclusive services; in its contract with the State of Nevada, TEGSCO promised to be responsible for the administrative expenses related to the agreement.

26. NRS 237.030 et seq. Calls for a governing body or its designee to make a concerted effort to determine whether a proposed rule (an action taken by a governing body that imposes, increases or changes the basis for the calculation of a fee that is paid in whole or in substantial part by businesses) will impose a direct and significant economic burden upon a business or directly restrict the formation, operation or expansion of a business.

27. The NTA did not perform the due diligence of any small business impact statement in its rush to implement the Administrative Fee in the tow tariff to benefit TEGSCO.

28. A small business impact statement would show other financial impacts to the tow operators beyond the payment of fees: the cost of maintaining devices, the cost of administration

1 | in entering data into the TEGSCO system, and the value of propriety information which tow
2 | operators must provide TEGSCO with an unlimited, perpetual, royalty-free license.

3 | 29. The Tow Operators of Northern Nevada and Mr. Ribar have challenged the NTA
4 | on the issue of the Administrative Fee over the course of many NTA meetings.

5 | 30. Nevada Administrative Code, section 706.442 states: "The operator of a tow car
6 | shall not give any remuneration or other consideration to any person who requests, authorizes or in
7 | any way notifies the operator of a potential tow."

8 | 31. Because the $25.00 fee is due from the tow operator to TEGSCO regardless of the
9 | actual amount collected, A&A takes the position that the Administrative Fee is "remuneration"
10 | paid as quid pro quo to TEGSCO for notification of the tow request. If the remuneration is not
11 | paid the tow operator is removed from the process; the tow operator cannot receive calls from law
12 | enforcement, and causing financial harm to the business.

13 | 32. By way of example, the November 2020 invoice from TEGSCO to A&A Towing
14 | amounts to one thousand, four hundred and seventy-five Dollars ($1,475.00), based on the fact
15 | that A&A Towing completed fifty-nine (59) tows for law enforcement originated through the
16 | TEGSCO app. There is no accounting for tows where the vehicle owner did not claim the vehicle
17 | or pay the charges, and no offset of $0.02 for cash-paid fees. As a result, the invoice was $453.36
18 | more than what A&A collected on the fifty-nine invoiced tows.

19 | 33. TEGSCO uses its contract with the State, acting under color of state and local law,
20 | as authority to collect the Administrative Fee regardless of what the tow operator has collected,
21 | and to cut off tow operators who do not pay the full amount invoiced.

22 | 34. The function of the required contract payments and consequences for non-payment
23 | defy the definition of "pass through"; it is remuneration for the tow referral, which violates NAC
24 | 706.442.

25 | 35. The contracts, without guiding or implementing regulation from the State, seem to
26 | put A&A at risk of noncompliance with other provisions of law:

27 |     a. 484B.165(1)(a) – Disallow use of a handheld cellular device while driving;

28 |

   b. NRS 481.063, NRS 485.316 – private use of DMV records and limitations on release of information; and

   c. 18 USC § 2721 - Prohibition on release and use of certain personal information from State motor vehicle records.

36. Nevada law does not provide any other due process for A&A Towing to address the Model Tow Tariff, or TEGSCO invoicing with the NTA directly; in fact, it is specifically disallowed by statute:

> No injunction, writ of mandate or other legal or equitable process shall issue in any suit, action or proceeding in any court against this State or any officer thereof to prevent or enjoin the collection under NRS 706.011 to 706.861, inclusive, of any fee or other amount required to be collected.

NRS 706.576(1).

37. Tegsco cannot claim in this case that it is a "Broker"; NRS 706.021 defines a "Broker" as, "a person who is not a common motor carrier and not a bona fide employee or agent of any such carrier, who or which, as principal or agent, sells or offers for sale any transportation, or negotiates for, or holds himself, herself or itself out by solicitation, advertisement or otherwise as one who sells, provides, furnishes, contracts or arranges for, such transportation."  TEGSCO fits this definition, but the NTA had determined that TEGSCO is not a Broker, and as a result the NTA does not regulate TEGSCO as a Broker under NRS 706.166(1)(a).

38. Neither is Tegsco a "Motor Carrier"; NRS 706.421 requires motor carriers have a permit to operate and TEGSCO has never applied for such a permit.

### First Cause of Action
### 42 USC § 1983 – Fourteenth Amendment
### NTA

1. Plaintiff hereby repeats and realleges all preceding and subsequent paragraphs as if fully set forth herein.

2. Defendant NTA is acting under color law of the state of Nevada when it implemented the tow tariff with the Administrative Fee to benefit TEGSCO without due process. NTA does so without proper reason or authority, without reasonable or probable cause and with deliberate indifference to the rights of Plaintiff.

3. NTA's conduct violates the civil rights of Plaintiff, including violation of the Plaintiff's rights found in the Fourteenth Amendment of the United States Constitution and those under Nevada law and its Constitutions.

4. The Constitution promises, "nor shall any State deprive any person of… property, without due process of law".

5. NTA, under color of state law, upholds the tariff requiring remuneration from A&A Towing to TEGSCO for towing referrals, whether or not the "pass through" "Administrative Fees" have been collected by A&A Towing.

6. Through its actions described herein and under color of law, NTA has deprived A&A Towing, Inc. of property without due process of law.

7. As a direct result of these violations, and in accordance with 42 U.S.C.A. § 1983, Plaintiff's civil rights have been violated in that Plaintiff has suffered, and will continue to suffer, damages, as described in this Complaint, as well as to incur attorney's fees, costs and expenses as authorized by 42 U.S.C.A. § 1983, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

## Second Cause of Action
## 42 USC § 1983 – Fourteenth Amendment
## NHP

1. Plaintiff hereby repeats and realleges all preceding and subsequent paragraphs as if fully set forth herein.

2. Defendant NHP is acting under color law of the state of Nevada when it failed to conduct a small business impact statement or propagate regulations to accommodate its contract with TEGSCO.

3. NHP's conduct violates the civil rights of Plaintiff, including violation of the Plaintiff's rights found in the Fourteenth Amendment of the United States Constitution and those under Nevada law and its Constitutions.

4. The Constitution promises, "nor shall any State deprive any person of… property, without due process of law".

5.     NHP, under color of state law by not conducting a small business impact statement and not propagating or implementing governing regulations.

6.     Through its actions described herein and under color of law, NHP has deprived A&A Towing, Inc. of property without due process of law.

7.     As a direct result of these violations, and in accordance with 42 U.S.C.A. § 1983, Plaintiff's civil rights have been violated in that Plaintiff has suffered, and will continue to suffer, damages, as described in this Complaint, as well as to incur attorney's fees, costs and expenses as authorized by 42 U.S.C.A. § 1983, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

### Third Cause of Action
### 42 USC § 1983 – Fourteenth Amendment
### TEGSCO

1.     Plaintiff hereby repeats and realleges all preceding and subsequent paragraphs as if fully set forth herein.

2.     Commencing on June 5, 2018, Defendant TEGSCO is acting under color law of the state of Nevada through its contracts with the NTA and NHP when it demands payment from A&A Towing for Administrative fees that are uncollectible from customers, or in excess of the fee collected.  TEGSCO does so without proper reason or authority, without reasonable or probable cause and with deliberate indifference to the rights of Plaintiff.

3.     TEGSCO's conduct violates the civil rights of Plaintiff, including violation of the Plaintiff's rights found in the Fourteenth Amendment of the United States Constitution and those under Nevada law and its Constitutions.

4.     The Constitution promises, "nor shall any State deprive any person of… property, without due process of law".

5.     TEGSCO, under color of state law through the Nevada Transportation Authority and Nevada Highway Patrol, requires remuneration from A&A Towing for "pass through" "Administrative Fees" that have not been paid to A&A Towing by vehicle owners.

6. Because of TEGSCO's misleading "no cost" sales pitch, the State agencies have been misled into believing their contracts with TEGSCO are not subject to ordinary regulatory requirements like public hearing and comment or small business impact statements.

7. Through its actions described herein and under color of law, TEGSCO has deprived A&A Towing, Inc. of property without due process of law.

8. As a direct result of these violations, and in accordance with 42 U.S.C.A. § 1983, Plaintiff's civil rights have been violated in that Plaintiff has suffered, and will continue to suffer, damages, as described in this Complaint, as well as to incur attorney's fees, costs and expenses as authorized by 42 U.S.C.A. § 1983, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

**Fourth Cause of Action**
**Constitution of the State of Nevada - Deprivation of Due Process - NTA**

1. Plaintiff hereby repeats and realleges all preceding and subsequent paragraphs as if fully set forth herein.

2. No person shall be… deprived of life, liberty, or property, without due process of law.

3. NTA, under color of state law, has further Plaintiff of due process by entering into the contract with TEGSCO and propagating the Administrative Fee tow tariff without the usual investigation and comment.

4. Through its actions described herein and under color of law, TEGSCO has deprived A&A Towing, Inc. of property without due process of law.

**Fifth Cause of Action**
**Constitution of the State of Nevada - Deprivation of Due Process - NHP**

1. Plaintiff hereby repeats and realleges all preceding and subsequent paragraphs as if fully set forth herein.

2. No person shall be… deprived of life, liberty, or property, without due process of law.

3. NHP, under color of state law has deprived Plaintiff of due process by not conducting a small business impact statement and not propagating or implementing governing regulations to accommodate its contract with TEGSCO.

4. Through its actions described herein and under color of law, TEGSCO has deprived A&A Towing, Inc. of property without due process of law.

### Sixth Cause of Action
### Constitution of the State of Nevada - Deprivation of Due Process – TEGSCO

1. Plaintiff hereby repeats and realleges all preceding and subsequent paragraphs as if fully set forth herein.

2. No person shall be… deprived of life, liberty, or property, without due process of law.

3. TEGSCO, under color of state law through the Nevada Transportation Authority and Nevada Highway Patrol, requires remuneration from A&A Towing for "pass through" "Administrative Fees" whether or not they have been paid by customers to A&A Towing.

4. Because of TEGSCO's misleading "no cost" sales pitch, the State agencies have been misled into believing their contracts with TEGSCO are not subject to ordinary regulatory requirements like public hearing and comment or small business impact statements.

5. Through its actions described herein and under color of law, TEGSCO has deprived A&A Towing, Inc. of property without due process of law.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment as follows:

A. For injunctive relief, ceasing operations of TEGSCO in the State of Nevada unless and until state agencies have completed all mandatory due process requirements to implement the contract, including small business impact statements and public comment;

B. For compensatory and punitive damages according to proof at trial;

C. For pre-judgment and post-judgment interest to the extent allowable by law;

D. For attorneys' fees and costs from all Defendants; and

E. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all claims.

Dated: March 2, 2021

                                                  BLANCHARD, KRASNER & FRENCH

                                                  _____
                                                  Nicole M. Harvey
                                                  Nevada State Bar No. 11147
                                                  Attorney for A&A Towing