UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| A&A TOWING, INC., a Nevada Corporation<br><br>Plaintiff,<br><br>v.<br><br>TEGSCO, LLC dba AUTO RETURN, a California limited liability company; STATE OF NEVADA, NEVADA TRANSPORTATION AUTHORITY; STATE OF NEVADA DEPARTMENT OF PUBLIC SAFETY, HIGHWAY PATROL DIVISION, DOES 1-10; ABC CORPORATIONS 1-10; XYZ CORPORATIONS 1-10.<br><br>Defendant. | Case No. 3:21-cv-00049-LRH-WGC<br><br>ORDER |

Before the Court is Defendant State of Nevada Department of Public Safety, Highway Patrol Division's ("NHP") motion to dismiss (ECF No. 18) Plaintiff A&A Towing, Inc.'s ("A&A") amended complaint (ECF No. 9). Defendant State of Nevada, Nevada Transportation Authority ("NTA") joined the motion to dismiss (ECF No. 20). A&A filed a response to the motion (ECF No. 25), and both NHP and NTA replied (ECF Nos. 28, 34). Also pending before the Court is NTA's motion to dismiss (ECF No. 19) A&A's amended complaint. NHP joined the motion (ECF No. 21), and A&A filed a response (ECF No. 26). Lastly before the Court is Defendant TEGSCO, LLC's ("TEGSCO") motion to dismiss (ECF No. 31) A&A's amended complaint. NTA joined TEGSCO's motion to dismiss (ECF No. 32). A&A filed a response to the motion (ECF No. 40), and TEGSCO replied (ECF No. 42).

For the reasons articulated below, the Court grants NHP's and TEGSCO's motion to dismiss (ECF Nos. 18, 31), and denies the NTA's motion as moot (ECF No. 19).

1

I.   BACKGROUND

This case concerns various public and private entities within the State of Nevada's towing tariff scheme. The Plaintiff, A&A, is a Nevada corporation that provides towing services to the public, the State of Nevada, and local law enforcement agencies. ECF No. 9, at 2. A&A has brought claims against three Defendants: the NTA, NHP, and TEGSCO.

The first Defendant, the NTA, oversees A&A's licensing requirements to engage as a tow operator. *Id.* As such, the NTA administers and enforces state laws pertaining to tow operators. *Id.* The second Defendant, NHP, is a division of the State of Nevada Department of Public Safety and performs law enforcement services on Nevada highways. *Id.* at 3. These services include the arranging for the towing of abandoned or damaged vehicles. *Id.* Lastly, Defendant TEGSCO is a "towing management and logistics service" that provides "management, logistics, and technology software" to state entities. *Id.*

The NTA and NHP are subject to various statutory requirements as agencies/contractors within the State of Nevada. For example, agencies within the State of Nevada generally try to determine whether a proposed regulation is likely to impose a significant economic burden upon small business. *See* NRS 233B.0608. The same is required of rules adopted by local governments. *See* NRS 237.030 et seq.

As for towing, Nevada's statute for the creation of the tow program—NRS 706.4485—requires that all tow operators "[comply] with all standards [NHP] may adopt to protect the health, safety, and welfare of the public." NRS 706.4485(e). In addition, under NRS 706.151, the NTA has the regulatory authority "to relieve the undue burdens on the highways by reason of the use of the highways," to "provide for fair and impartial regulation, to promote safe, adequate, economical and efficient service and to foster sound economic conditions in motor transportation," and to "discourage any practices which would tend to increase or create competition that may be detrimental to the traveling and shipping public or the motor carrier business within this State." NRS 706.151.

///

///

### A. Nevada's Tow Tariff Scheme

The NTA approves towing tariffs—i.e., fees and charges—that tow operators, like A&A, charge members of the public for their tow services. ECF No. 9, at 3. In turn, the NTA oversees and updates the Model Tow Tariff which standardizes which fees and charges are permitted. *Id.*

In January of 2017 at a General Session Meeting, the NTA considered an industry request to adopt changes to the Model Tow Tariff. ECF No. 19-1. The change would allow law enforcement tow rate "service fees" without having to file a formal tariff modification. *Id.* At its March 2017 General Session Meeting, the NTA determined the "service fee" was "just and reasonable" pursuant to NRS 706.311. ECF No. 19-2. Finally, at the April 2017 General Session Meeting, the NTA amended the Model Tow Tariff to include the "service fee." ECF No. 19-3. The NTA subsequently adjusted the Model Tow Tariff to include the approved "service fee" (the "Administrative Fee" hereinafter) of $25.75. ECF No. 9-1.[1] The Model Tow Tariff describes the Administrative Fee as being collected "pass-through and transmitted to the towing management company," and would only apply to "tows requested by law enforcement." ECF No. 9, at 3.

On June 5, 2018, NHP entered into a contract with TEGSCO for a "Third Party Tow Management System" ("The System"). *Id.* The System would serve as an intermediary between tow operators and NHP tow requests. *Id.* NHP then notified tow operators across the State of Nevada that they had to enter into a contract with TEGSCO in order to be notified of tow requests. *Id.* at 4. NHP and TEGSCO agreed that there was no cost to the state for this arrangement. *Id.* at 3. Instead, TEGSCO would be compensated for the use of The System from the above-described Administrative Fee. *Id.* In essence, this meant that tow operators would collect the Administrative Fee from tow customers and transmit it to TEGSCO.

After the Tow Operators of Northern Nevada entered into a Memorandum of Understanding regarding the collection and payment of the Administrative Fee, A&A towing entered into a contract with TEGSCO to be included in the tow rotation for NHP. *Id.* at 4. TEGSCO would send invoices to A&A for the Administrative Fee based on the number of tows A&A completed using TEGSCO's technology. *Id.* at 4–5. If A&A—or any other tow operator—

---

[1] The Defendants allege that the fee is $25.00, but do not dispute for the purposes of these motions.

3

failed to pay the full amount invoiced, TEGSCO would cease to include them on the tow rotation. *Id.* at 7. This arrangement, which A&A alleges was done without proper regulatory approval, is the subject of this action.

This action was filed on January 1, 2021, with the first amended complaint (the operative complaint) being filed on March 2, 2021. ECF No. 9. A&A presents six causes of action: two against NTA, two against NHP, and two against TEGSCO. A&A alleges that each Defendant violated the Fourteenth Amendment of the United States Constitution as well as the Nevada Constitution when they, acting under color of law, implemented the Administrative Fee to benefit TEGSCO without due process. Specifically, A&A alleges the Defendants failed to properly adhere to the state regulatory scheme and conduct a business impact statement before approving the contracts with TEGSCO. Each Defendant's motion to dismiss (ECF Nos. 18, 19, 31) is now pending before the Court.

## II.   LEGAL STANDARD

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable cause of action. *See* FED. R. CIV. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a)(2) does not require detailed factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw

4

the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

### III. DISCUSSION

After a review of the various motions to dismiss, the Court has distilled three primary arguments through which the Defendants argue the complaint must be dismissed: (1) NHP and the NTA are entitled to Section 1983 immunity; (2) TEGSCO's role in the tariff scheme does not rise to official state action; and (3) A&A has failed to raise cognizable due process claims.[2] Each argument is addressed in turn.

**A.  Section 1983 Immunity**

In the amended complaint, A&A claims that the Defendants violated the United States Constitution as well as the Nevada Constitution by depriving it of its property without due process of law by promulgating the tow tariff scheme without sufficient regulatory processes. ECF No. 9, at 10–12. A&A raises the federal due process claim under the Fourteenth Amendment via 42 U.S.C. § 1983 ("Section 1983"). *Id.* In NHP's motion to dismiss—which the

---

[2] The Court does not address every argument raised in each of the Defendants' motions to dismiss (ECF Nos. 18, 19, 31) as they have been subsumed by the primary arguments analyzed herein.

NTA joined—it argues that it and the NTA are entitled to immunity because they are not a "person" as required in Section 1983 claims. ECF No. 18, at 5. In its opposition to the motion, A&A argues that both Defendants are still liable as they constitute "arms of the State" still subject to the rigors of the Constitution. ECF No. 25, at 5.

Section 1983 of Title 42 of the U.S. Code is an integral piece to the enforcement of federal constitutional rights. The statute authorizes private parties to sue municipalities, state and local officials, and other defendants who acted under color of state law. *See* 42 U.S.C. § 1983. Notably, Section 1983 authorizes claims for relief only against a "person" who acted under color of state law. *Id.* Neither a state nor its officials acting in their official capacities are "persons" under Section 1983, and therefore the statute does not provide a cause of action against either entity. *Will v. Michigan State Police*, 491 U.S. 58, 71 (1989). This proposition is subject to one exception: where the state official is sued for prospective injunctive relief, the action is properly brought under Section 1983. *Wolfe v. Strankman*, 392 F.3d 358, 365 (9th Cir. 2004).[3]

Here, A&A seeks both injunctive relief and monetary relief against both NHP and the NTA—political agencies of the State of Nevada, not individual officials. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("…the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."). Therefore, because A&A has not raised claims against individual defendants in their official capacity, the Court will dismiss the Section 1983 claims brought against both NHP and the NTA. A&A's argument to the contrary is unavailing considering these bedrock principles of constitutional law.

### B. State Action Doctrine

In its amended complaint, A&A claims that TEGSCO, a private entity, violated its due process rights under both the United States Constitution and the Nevada Constitution by participating in the tow tariff scheme. ECF No. 9, at 10–12. Specifically, A&A alleges that

---

[3] To the Court's knowledge, the State of Nevada has not raised an Eleventh Amendment immunity defense. Such a defense would also seemingly bar the present claims against NHP and the NTA. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984) (Eleventh Amendment immunity applies to state agencies); NRS § 41.031 (providing that Nevada has not waived its Eleventh Amendment immunity). Nevertheless, the Court does not address that defense in this Order.

TEGSCO "misled [State agencies] into believing their contracts with TESGSCO are not subject to ordinary regulatory requirements like public hearing and comment or small business impact statements." *Id.* at 11. In TEGSCO's motion to dismiss, TEGSCO argues that it is immune from constitutional claims as it is a private corporation not subject to certain constitutional constraints. ECF No. 31, at 4–5. In its opposition to the motion, A&A argues TEGSCO's involvement with the tow tariff scheme amounts to an act under color of state law thereby inviting constitutional liability. ECF No. 40, at 2–5.

Both the Due Process Clauses of the Fourteenth Amendment and the Nevada Constitution are traditionally viewed as protections against unconstitutional conduct of the State—not private corporations. *See Blum v. Yaretsky*, 457 U.S. 991, 1003 (1982) ("[the Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful.") (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)); *Whitehead v. Nevada Com'n on Judicial Discipline*, 873 P.2d 946, 974 (Nev. 1994) ("[t]he Fourteenth Amendment is a limitation on the states in the interest of individuals) (citations omitted). Rather than pursue Section 1983 claims, individuals who are "victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 253 (1st Cir. 1996). Still, private corporations can be held liable in a Section 1983 action if it has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *U.S. v. Classic*, 313 U.S. 299, 326 (1941). A private corporation is "clothed with the authority of state law" when it carries out a function that has been historically and traditionally the "exclusive" prerogative of the state. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 157–58 (1978); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974).

The Supreme Court has stressed that very few functions satisfy this "public function" test. Some of these functions include necessary public goods like running elections and operating a company town. *See Terry v. Adams*, 345 U.S. 461, 468–70 (1953) (elections); *Marsh v. Alabama*, 326 U.S. 501, 505–09 (1946) (company town). However, more importantly, many functions have failed to satisfy the demanding public function test. *See, e.g., Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 57 (1999) (insurance companies' suspension of workers'

7

compensation benefits); *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (education of maladjusted children); *Blum v. Yaretsky*, 457 U.S. 991, 993 (1982) (nursing home care); *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm*, 483 U.S. 522, 544 (1987) (coordination of amateur athletics); *Hudgens v. NLRB*, 424 U.S. 507, 519 (1976) (operations of a shopping mall); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352–53 (1974) (provision of utility services); *Polk County, v. Dodson*, 454 U.S. 312, 319 n.9 (1981) (law licenses); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 176–77 (1972) (liquor licenses); *Columbia Broadcasting System, Inc. v. Democratic National Committee*, 412 U.S. 94, 120–21 (1973) (broadcast licenses).

So too here, the Court finds that TEGSCO did not perform a function which is exclusively a prerogative of the state. TEGSCO is a government contractor that acts as an intermediary between NHP and tow operators. ECF No. 9, at 2. As articulated recently by the Supreme Court, "…the fact that the government licenses, contracts with, or grants a monopoly to a private entity does not convert the private entity into a state actor…" *Manhattan Community Access Corp. v. Halleck*, 139 S. Ct. 1921, 1931–32 (2019) (citations omitted). Rather, as previously described, the government contractor must have subsumed "a traditional, exclusive public function." *Id.* at 1929.

A&A's conclusory assumption that TEGSCO performs a state function because of its involvement with NHP is unsupported by the law. While certainly TEGSCO coordinates with NHP because of its government contract, i.e., providing software for tow dispatch, A&A points to no authority that holds facilitating tow dispatch is an exclusively public function.[4] To the best of the Court's knowledge, many private entities also utilize the services of third-party tow dispatch companies. Transforming these companies into state actors subject to constitutional constraints would discourage obtaining government licenses and contracts going forward. *Halleck*, 139 S. Ct. at 1932. Therefore, here, the State's allowance for TEGSCO to operate within the tow tariff scheme does not make TEGSCO a state actor.

---

[4] Importantly, A&A is not a tow customer and TEGSCO does not "take" vehicles at the behest of NHP. Rather, TEGSCO serves as the government contractor between NHP and tow companies. *Cf. Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1322 (9th Cir.1982) ("[A] private towing company acting at the behest of a police officer and pursuant to a statutory scheme designed solely to accomplish the state's purpose of enforcing its traffic laws, acts under color of state law....").

In sum, securing and performing a government contract does not invite constitutional liability unless the conduct itself is exclusively performed by the State. A&A does not allege conduct which would satisfy this requirement. Accordingly, the Court will dismiss both claims against TEGSCO.

### C. Failure to Raise Cognizable Due Process Claims

In each motion to dismiss, the Defendants contend that even if this Court were to find that they are not immune from suit, the amended complaint must be dismissed as A&A fails to raise cognizable due process claims. In each opposition to the motions, A&A alleges that the Defendants deprived it of property without due process of law by failing to adhere to Nevada's regulatory processes. That is, A&A claims the Administrative Fee led to its general loss of money and efficiency, an increased risk with the use of TEGSCO's app, and the mandatory disclosure of trade secret information. ECF No. 25, at 5. A&A further claims the NTA and NHP had a statutory obligation to determine whether the Administrative Fee would economically burden tow operators. ECF No. 25, at 2. In each reply, the Defendants point out that A&A has failed to identify a specific property interest under state law. *See* ECF Nos. 18, 19, 31.

The Due Process Clauses of both the Fourteenth Amendment and the Nevada Constitution guarantee a "requisite…opportunity to be heard." *Browning v. Dixon*, 954 P.2d 741, 743 (Nev. 1998) (citing *Grannis v. Ordean*, 234 U.S. 385 (1914)). This opportunity to be heard involves two constitutional protections: procedural due process and substantive due process. *United States v. Salerno*, 481 U.S. 739, 746 (1987). To prevail on a procedural due process clam, a plaintiff must identify: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections in the process of depriving the interest. *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC.*, 893 F.3d 1136, 1147 (9th Cir. 2018) (citing *Brewster v. Bd. Of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998)). "Property interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules and understandings that stem from an independent source such as state law....'" *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). To show a protected property interest, "a person clearly must

have more than an abstract need or desire for it. They must have more than a unilateral expectation of it. They must instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577.

Here, the Court finds that A&A has not identified a constitutionally protected property interest in the Administrative Fee arrangement. A&A alleges that its property interests are the losses associated with the collection of the Administrative Fee. However, these vaguely defined losses are because of A&A's voluntary presence on NHP's tow on-call rotation list. A&A does not cite, and the Court has not found, any Nevada law or decision indicating A&A has an inherent entitlement to be or remain on the on-call tow rotation list. In addition, TEGSCO's involvement merely amounted to entering into a contract with the State. A&A has not pled any facts indicating it has a property interest in how TEGSCO, a private entity, performs its services. Without more, A&A does not have a cognizable due process claims against the Defendants.

Moreover, A&A has appeared to have misconstrued NHP and the NTA's actions as it relates to the Model Tow Tariff. As an initial matter, the Court notes that the Defendants purported failure to comply with their own administrative procedure does not, itself, constitute a violation of constitutional due process. *See Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984) ("Procedural requirements ordinarily do not transform a unilateral expectation into a constitutionally protected property interest."). Even still, statutorily, NHP adopts "standards" and does not create regulations. *See* NRS 706.4485(e) (requiring that tow operators "[c]ompl[y] with all *standards* [NHP] may adopt to protect the health, safety and welfare of the public.") (emphasis added). Hence, NHP was under no duty to conduct a small business impact statement when it required A&A to enter into a contract with TEGSCO. As for the NTA, its' actions only concerned the modification of the Model Tow Tariff so that tow operators would not have to file formal tariff requests to collect the Administrative Fee. *See* NRS 706.321 (process by which tow operators seek formal tariff approvals). The NTA held hearings and determined the modification was "just and reasonable" as required by statute. *See* NRS 706.311 ("[e]very unjust and unreasonable charge for service by any carrier or operator of a tow car is prohibited and shall be

deemed unlawful.") The NTA did not adopt regulations requiring A&A to provide TEGSCO the Administrative Fee; rather, that was a contractual obligation between A&A and TEGSCO.

In sum, A&A does not allege facts raising cognizable due process claims. Therefore, the Court will dismiss both the federal and state claims brought against the Defendants. Any amendment would be futile as there is no set of facts in which the Defendants deprived A&A of an identifiable property interest. Accordingly, the Court will dismiss A&A's amended complaint in its entirety and with prejudice.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that NHP's motion to dismiss (ECF No. 18) is **GRANTED with prejudice**.

IT IS FURTHER ORDERED that TEGSCO's motion to dismiss (ECF No. 31) is **GRANTED with prejudice**.

IT IS FURTHER ORDERED that the NTA's motion to dismiss (ECF No. 19) is **DENIED** as moot.

IT IS SO ORDERED.

DATED this 7th day of September, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE